

**THE LAW OFFICE OF**
**AVRAM E. FRISCH LLC**

**New Jersey Office**
1 University Plaza
Suite 119
Hackensack, NJ 07601

**New York Office**
150 Broadway
Suite 900
New York, NY 10038

Avram E. Frisch Esq. – Admitted in NY and NJ.  Mail to NJ address.

July 12, 2024

Honorable Evelyn Padin, U.S.D.J.
U.S. District Court of New Jersey
MLK Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

<u>**Via  Electronic Filing**</u>

   Re: C&C Arc Stone Realty, LLC v. Naya Stone, LLC  2:24-cv-07447-EP-JSA

Dear Judge Padin:

   This firm represents Naya Stone, LLC, and I write in regard to the Plaintiff's request for a pre-motion conference for a proposed motion to remand this matter to the State Court.  Plaintiff's letter is brief and fails to set forth the applicable standards for removal of eviction proceedings or to present any analysis of the issues of this case.

   Plaintiff does not appear to dispute that the parties are diverse, and as such, I will not address that issue.  It appears that Plaintiff is claiming that the amount in controversy in this matter is less than $75,000.  The Third Circuit has instructed that for the purposes of diversity jurisdiction, the Court should analyze the reasonable reading of the value of the rights being litigated. *See Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (*citing Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir.1993).  Similarly, the Supreme Court has explained "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 2443 (1977).

   In order to determine the amount in controversy in an ejectment action, the court must determine the value of the ejectment action to the plaintiff, and in doing so, the court may look at unpaid rent and any improvements that defendant made to the property. *See Byler Management Co., LLC v. Bulletproof Enters., Inc.*, Civ. No. 1:cv– 10–0632, 2010 WL 2431823 at *4 (M.D.Pa. June 14, 2010).  Additionally, "[c]ourts within the Third Circuit that have considered whether there is diversity jurisdiction in eviction actions have examined the value of the lease agreement to the plaintiff, rather than merely using the money damages sought in the complaint as the benchmark." *Leonard Parness Trucking Corp. v. Omnipoint Communs., Inc.*, No. 13-4148 (JLL), 2013 U.S. Dist. LEXIS 139143, at *10 (D.N.J. Sep. 27, 2013).  "[I]n an action for unpaid rent and ejectment, a court considered not only the unpaid rent, but also the value to the plaintiff (should it prevail) of regaining occupancy of the property, as improved by the defendant." *Florham Vill. LLC v. New Jersey CVS Pharmacy LLC*, No. 15-8758 (KM)(JBC), 2016 WL 3965203, at *2 (D.N.J. July 21, 2016) *citing Byler Mgmt. Co, LLC v. Bulletproof Enterprises, Inc.*, 2010 WL 2431823, at *4 (M.D. Pa. June 14, 2010).

 

Page **2** of **2**

«People_Full_Name»

This action is related to a more complex dispute over a commercial property from which the Defendant conducts its business distributing stone products.  It has substantial value to the Defendant, well over $75,000 to remain in the Premises.  Further, the stated purpose of this eviction action is to prevent the Defendant from exercising a purchase option, which the Plaintiff has wrongfully allowed the Defendant to exercise.  Defendant estimates this purchase option to be worth about $8 million, as the value of the property exceeds the option price by that amount.  The Plaintiff commenced this action while the issues were pending in the New Jersey Superior Court to determine whether the Tenant may exercise its purchase option.  As the Defendant is ready, willing and able to purchase the Premises, the eviction is simply to prevent the exercise of the option, and as such the value of the option is at issue in this action, greatly exceeding the jurisdictional minimum.

The fact that New Jersey law allows a summary proceeding for evictions is not a basis to deprive this Court of jurisdiction.  As these facts are largely undisputed (though the legal conclusions are obviously in dispute) a motion to remand would simply cause unnecessary delay in this matter.

Very truly yours,

Avram E. Frisch

Cc: Naya Stone, LLC

