NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

C&C ARC STONE REALTY LLC,

    Plaintiff,

    v.

NAYA STONE LLC,

    Defendant.

No. 24cv7447 (EP) (JSA)

**OPINION**

**PADIN, District Judge.**

Plaintiff/Landlord C&C Arc Stone Realty LLC ("Arc Stone") originally brought this summary dispossession action in Superior Court of New Jersey, Law Division, Special Civil Part, Landlord-Tenant Division, Bergen County. Ex. A to D.E. 1 ("Complaint" or "Compl."). Defendant Naya Stone LLC ("Naya") removed the action to this Court based on diversity jurisdiction. D.E. 1 ("Notice of Removal"). Because the amount in controversy prong is not met, the Court will **REMAND** this matter to state court.

**I.      BACKGROUND**

Plaintiff Arc Stone owns a property in Carlstadt, New Jersey (the "Property"). Compl. ¶ 1. Related party, Arena Stone Products, Inc. ("Arena"), used the Property to sell and distribute stone products. *Id.* ¶ 3. Defendant Naya bought the assets, inventory, and goodwill of Arena on or about January 16, 2019, and Arena held a promissory note (the "Note") for $1.5 million dollars secured by the inventory. *Id.* ¶¶ 3-4.

After Arena's sale to Defendant, Plaintiff leased the Property to Defendant from January 2019 through December 31, 2024. *Id.* ¶ 6. According to the terms of the Lease Agreement, Ex. A to Compl., Defendant is allegedly in default for failing to provide personal guarantees,

appointing a receiver, an action for dissolution having been filed, and its default under the Note. *Id.* ¶ 11. "Only the default occasioned by Naya's failure to pay the [Note] on the maturity date is being addressed in this action as a basis for [Naya's] removal and termination of the Lease." *Id.*

Defendant was required to pay the entire Note balance by March 1, 2024, and was given the option to pay the non-default balance with the disputed balance to be held in escrow; however, Defendant did not pay. *Id.* ¶¶ 16-18. Pursuant to the Lease Agreement, upon Defendant's default, Plaintiff is entitled to:

> (a) reasonable costs and expenses in connection with a re-entry or taking of possession of the Premises; (b) reasonable costs and expenses in connection with making alterations and repairs for the purpose of re-letting; (c) reasonable attorney's fees; and (d) the value at the time of such termination of the amount of Rent for the remainder of the term of this Lease. All such amounts shall be immediately due and payable from Tenant to Landlord as Additional Rent.

*Id.* ¶ 21.

Plaintiff seeks summary dispossession of Defendant; eviction of Defendant from the Property; an award of possession to Plaintiff; and related attorney's fees and costs. *Id.* at 11-12. Defendant removed this action on the basis of diversity jurisdiction on July 1, 2024. Notice of Removal.

## II.   ANALYSIS

District courts may *sua sponte* remand cases for lack of subject matter jurisdiction. *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995). As the party removing the action, Defendant has the burden of demonstrating jurisdiction. *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009). "[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993). In an injunctive action, "'the

2

amount in controversy is measured by the value of the interest sought to be protected by the equitable relief requested,' measured from plaintiff's point of view." *Florham Village LLC v. New Jersey CVS Pharmacy LLC*, No. 15-8758, 2016 WL 3965203, at *2 (D.N.J. July 21, 2016) (internal citations omitted). "Thus, in an action for unpaid rent and ejectment, a court consider[s] not only the unpaid rent, but also the value to the plaintiff (should it prevail) of regaining occupancy of the property, as improved by the defendant." *Id.*

The Complaint does not seek damages. *See Angus*, 989 F.2d at 145 ("The general federal rule is to decide the amount in controversy from the complaint itself."). This is an action for summary dispossession. There is nothing in the Complaint that suggests the value of the relief sought is $75,000 or more. Even if the Court were to consider factors outside of the Complaint, the amount in controversy requirement is still not met. *See Leonard Parness Trucking Corp. v. Omnipoint Comms., Inc.*, No. 13-4148, 2013 WL 6002900, at *4-7 (D.N.J. Nov. 12, 2013). Here, Plaintiff seeks eviction based on Defendant's failure to pay the Note held by Arena. Compl. ¶ 4. It alleges Defendant is in breach of the lease, in part, due to that default. *Id.* ¶ 11. Plaintiff's Complaint makes no mention of eviction due to failure to pay rent. Therefore, this action was improperly removed from state court and should be remanded to that court pursuant to 28 U.S.C. § 1447. An appropriate Order follows.

Dated: July 16, 2024

                                                            Evelyn Padin, U.S.D.J.